IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHASE HOME FINANCE, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> GARY D. ROGERS and KELLY E. ROGERS, <br><br> Defendants. | Case No. 2:10 cv 0453 DAK <br><br> **REPORT AND RECOMMENDATION** <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) by Judge Dale Kimball.[1] On August 3, 2010 Defendants, Gary and Kelly Rogers who are acting pro se, filed two motions. Gary Rogers filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction[2] and Kelly Rogers filed a Motion to Dismiss for Lack of Personal Jurisdiction.[3] The court finds Defendants' motions unpersuasive. Accordingly, the court recommends that both motions be DENIED.

This case is a declaratory judgment action. Plaintiff, Chase Home Finance, LLC, seeks to obtain a judgment from the court declaring that Plaintiff has not violated the Truth in Lending Act, 15 U.S.C. § 1631 *et seq*. (TILA), in connection with a transaction whereby Defendants

---

[1] Docket no. 6.
[2] Docket no. 4.
[3] Docket no. 5.

refinanced a loan secured by real property in Summit County Utah.[4]  In the Complaint, Chase asserts that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1337(a) and that this court has personal jurisdiction over the Defendants "based on the fact that they reside and/or own property in the State of Utah."[5]  28 U.S.C. § 1337(a) states in relevant part, "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."[6]

Because Defendants are proceeding pro se, the court construes Defendants' pleadings liberally.[7]  Although Defendants fail to specifically cite to the Federal Rules of Civil Procedure in their motions, it is clear to the court that Defendants are presenting a defense under Rules 12(b)(1) and 12(b)(2)[8] before filing a responsive pleading.  Notwithstanding the liberal interpretation given to Defendants' motions, the court is not persuaded by the arguments offered by either Defendant.

Mr. Rogers' motion alleges that "Should the Court decide to take Jurisdiction at this time with regard to this matter, it would undermine all the work of Affiant [i.e. Mr. Rogers] over the past few months."[9]  The record does not support Mr. Rogers' assertion.  Further, Mr. Rogers

---

[4] Compl. p. 1.
[5] *Id.* p. 2.
[6] 28 U.S.C. § 1337(a).
[7] *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Van Deelen v. Johnson, 497 F.3d 1151, 1153 N. 1 (10th Cir. 2007).
[8] *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).
[9] Mtn to dismiss p. 3.

fails to present any argument as to why a TILA Declaratory Action is not a federal question therefore removing subject matter jurisdiction from this court.

Based upon the record before the court, the court finds that this matter is properly before the court. Subject matter jurisdiction is appropriate pursuant to 28 U.S.C. § 1337(a).

Next, Ms. Rogers argues in her motion that she "is not a party to Deed of Trust Instrument #00832584 recorded 12/13/2007"[10] and that she was removed from any interest in the subject property or Deed of Trust by Defendant Gary Rodgers. In contrast, Plaintiff argues personal jurisdiction is established here because Ms. Rodgers was properly served and by "placing her name on the alleged rescission"[11] she has necessitated her inclusion in this action to determine TILA rescission rights.

"Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."[12] The plaintiff may carry this burden "by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[13] "All factual disputes are resolved in favor of the plaintiff[ ] when determining the sufficiency of this showing."[14] "[T]o defeat a prima facie showing of

---

[10] Mtn. p. 5.
[11] Op. p. 3.
[12] *AST Sports Sci., Inc. v. CLF Distribution Ltd*., 514 F.3d 1054, 1056-57 (10th Cir.2008).
[13] *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd*., 488 F.3d 1282, 1286 (10th Cir.2007) (internal quotation marks omitted).
[14] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir.2009).

jurisdiction, the defendant must demonstrate that the presence of some other considerations would render jurisdiction unreasonable."[15]

Here, Ms. Rodgers, name is on the rescission notice and the evidence indicates Ms. Rodgers currently resides or has resided in the subject property of the alleged TILA rescission. So her contacts with this forum are sufficient to establish personal jurisdiction. Moreover, there is nothing to indicate she was not properly served a copy of the Summons and Complaint because she has filed an appropriate response to it via her motion to dismiss under the Federal Rules.[16]

The court, therefore, finds that personal jurisdiction over Ms. Rodgers is established in this case. Accordingly, Ms. Rodgers' Motion to Dismiss for Lack of Personal Jurisdiction should be denied.

## RECOMMENDATION

Based upon the foregoing, the court recommends that Defendants' motions be DENIED.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after

---

[15] *TH Agric. & Nutrition*, 488 F.3d at 1286 (internal quotation marks omitted).
[16] In its opposition, Plaintiff states that "Ms. Rogers was properly served with the Summons and Complaint as evidenced by the Return of Service filed in this matter." Op. p. 3. Based upon a review of the docket it appears that a document indicating Return of Service has not been filed. Plaintiff is encouraged to file any such document in a timely manner. The failure to find such a document in the record, however, does not undermine the court's decision because Ms. Rodgers has filed her motion to dismiss in response to the Complaint, which indicates she is aware of the Complaint and has been adequately served with a copy of it.

being served with a copy.[17]  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 1st day of October, 2010.

Brooke C. Wells
United States Magistrate Judge

---

[17] *See* Fed. R. Civ. P. 72(b)(2).